UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY HONEYMAN,

       Plaintiff,                    Case No. 2:14-cv-13497

v.                                    HONORABLE STEPHEN J. MURPHY, III

BRIAN EVERS, et al.,

       Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO STRIKE THE AMENDED COMPLAINT [65]**

Plaintiff Corey Honeyman filed a pro se complaint alleging that various Michigan Department of Corrections administrators and corrections officers violated his constitutional rights under 42 U.S.C. § 1983. Two years later, after Honeyman obtained legal representation, he amended his complaint. Defendants now move to strike the amended complaint. The Court will grant Defendants' motion as to Counts I and II of the amended complaint and deny the motion as to Counts III and IV.

**BACKGROUND**

Honeyman filed his initial complaint pro se. Compl., ECF No. 1. He asserted five claims, which the Court interpreted as three claimed violations of his constitutional rights. Order 4, ECF No. 39. The Defendants moved to dismiss two of Honeyman's claims—deliberate indifference to the danger of assault by other prisoners and deliberate indifference to Honeyman's need for mental health treatment—because Honeyman had failed to allege an injury. Mot., ECF No. 32. The Court granted the motion. The dismissal order did not state whether the Court dismissed the claims with prejudice. *See* Order, ECF No. 39. Following the order, only one of Honeyman's claims remained: that Defendants

attempted to force him out of protective custody by issuing misconduct reports and denied him necessities including blankets and access to a toilet. *Id.*; *see also* Compl. ¶ 44, ECF No. 1.

Ten months later, in a Joint Status Report, counsel for Honeyman stated his intention to file a motion to amend the pleadings. Report ¶ 5, ECF No. 62. During a scheduling conference, the Court encouraged Honeyman's attorney to amend the complaint on the assumption that he would follow the rules and formally seek the Court's leave to amend through motion practice; and that the Court would permit the Defendant to respond in turn. Honeyman did not file a motion to amend; instead he simply filed an amended complaint. Am. Compl., ECF No. 64. Defendants' motion to strike Honeyman's amended complaint followed. Mot., ECF No. 65.

## LEGAL STANDARD

The Defendants move the Court to strike Honeyman's amended complaint in its entirety under Federal Rule of Civil Procedure 12(f). Mot., ECF No. 65. But "such a motion is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint." *See Dragovic v. Enprotech Steel Servs.*, No. 1:10-CV-1250, 2010 WL 4739931, at *2 (N.D. Ohio Nov. 15, 2010). "Because Rule 12(f) does not permit this Court to strike the Plaintiff's first amended complaint in its entirety," the Court will treat Defendants' motion "as an objection to the Plaintiff's filing of the amended complaint under Rule 15(a) and a motion to strike any allegedly improper paragraphs of the amended complaint." *Id.*

Under Rule 15(a), a party may amend its complaint once as a matter of course within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that time period has elapsed, "a party may amend its pleading only with the opposing party's written

consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court should "freely give leave when justice so requires." *Id.* But in the case of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment," the Court should deny leave to amend. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

## DISCUSSION

As an initial matter, the Court will treat its prior dismissal of Honeyman's claims without prejudice to him seeking leave to amend to "correct the defect in the pleading or state a claim for relief." *See Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) (quoting 6 Wright, Miller & Kane, Federal Practice and Procedure § 1483 (3d ed. 2010)) (finding dismissal without prejudice is preferable when "deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements").

I.   Motion to Strike Count I

In Count I of the amended complaint, Honeyman re-alleges his claim that Defendants were deliberately indifferent toward the danger of assault by other prisoners. Am. Compl.7–8, ECF No. 64. In an effort to cure the pleading defects of his original complaint, he adds that "Defendants' refusal to provide protective services to Plaintiff caused Plaintiff

to fear for his life, drove him to suicidal thoughts, caused psychological harm, and later caused him to suffer from post-traumatic stress disorder." *Id.* ¶ 35.

Although he now alleges injuries from psychological harm, Honeyman still does not allege that an actual assault took place. Simply put, Honeyman "alleges, not a failure to prevent harm, but a failure to prevent exposure to risk of harm." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (quotions omitted). As a result, Honeyman's claim is more aptly characterized as a "conditions-of-confinement claim" rather than a "failure-to-protect" claim. *See id.* But "[a] claim of psychological injury does not reflect the deprivation of the minimal civilized measures of life's necessities that is the touchstone of a conditions-of-confinement case." *Id.* (quotations and citations omitted). However legitimate Honeyman's fears may have been given his prior assaults, "it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Id.* Since Honeyman's allegations of mental and emotional harm do not remedy the pleading defects of the original complaint, the amendment is futile. Accordingly, the Court will grant Defendants' motion to strike Count I of the amended complaint.

II.    <u>Motion to Strike Count II</u>

Next, the amended complaint alleges that Defendants acted with deliberate indifference toward Honeyman's need for mental health treatment. Am. Compl. 9, ECF No. 64. Honeyman claims that he "repeatedly informed Defendants that he was having suicidal thoughts and that he intended to kill himself by way of starvation" and he "did not eat or drink anything for over five days" while in a segregated cell. *Id.* ¶¶ 37–38. He further alleges that he "requested mental health services during this time, but Defendants denied his requests." *Id.* ¶ 39. As in Count I, Honeyman adds an allegation of an injury in his amended

complaint: "As a result of Defendants' conduct, Plaintiff has suffered mental and psychological harm and has been diagnosed with post-traumatic stress disorder." *Id.* ¶ 40.

But "the Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but only that narrow class of deprivations involving serious injury inflicted by prison officials acting with a culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 860 (1994). To state an Eighth Amendment claim, Honeyman must allege an "extreme deprivation" of medical care. *Cosgrove v. Burke*, No. 2:16-CV-110, 2016 WL 5859058, at *10 (W.D. Mich. Oct. 7, 2016) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)); *see also Vaughn v. Daviess Cty. Det. Ctr.*, No. 4:16-CV-P61-JHM, 2016 WL 5843935, at *6 (W.D. Ky. Oct. 4, 2016) (finding that a prisoner's allegation that "she did not receive any medication for her mental health condition for 10 days" failed to state an Eighth Amendment claim).

Honeyman does not plead facts alleging an extreme deprivation of mental health care. And he does not allege a complete denial of care over a substantial period of time. Instead, he claims that—during a five-day hunger strike—Defendants denied him access to mental health care. His allegation falls short of alleging a constitutional violation. Honeyman's amendments fail to cure the pleading defects of the original complaint and are therefore futile. The Court will grant Defendants' motion to strike Count II.

III.  Motion to Strike Counts III and IV

Honeyman's Count III amendment clarifies his claim for deprivation of necessities and, in Count IV, he adds a claim for gross negligence. Am. Compl. 9–11, ECF No. 64. The Defendants have not shown—and the Court does not find—that the amendments would

cause prejudice since the parties are early in the discovery process. *See* Mot., ECF No. 65.

Accordingly, the Court will deny Defendants' motion to strike Counts III and IV.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Motion to Strike [65] is

**GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED THAT** Count I and II of Plaintiff's Amended Complaint

are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on January 31, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager